UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RSS RECOVERY SOLUTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-02015 |
| | § | |
| TDF FINANCIAL SERVICES INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.

Before the Court is the defendant's, TDF Financial Services, Inc. (the "defendant"), motion for partial summary judgment (Dkt. No. 27), the plaintiff's, RSS Recovery Solutions LLC (the "plaintiff"), opposition to the defendant's motion (Dkt. No. 29) and the defendant's reply (Dkt. No. 31). After having carefully considered the motion, response, record and applicable law, the Court determines that the defendant's motion for partial summary judgment should be **DENIED**.

### II.

The plaintiff was assigned rights to multiple invoices for services provided by a number of motor carriers. These motor carriers provided transportation services under contracts, including bills of lading, arranged by freight brokers, ACS Trucking, LLC (ACS) and Eventix Logistics LLC (Eventix). To hold a brokerage license, ACS and Eventix were required to file evidence of $75,000 in financial security bond or trust fund with the Federal Motor Carrier Safety Administration. ACS and the defendant entered into a trust agreement. The trust agreement established that motor carriers providing transportation services would be compensated by the defendant if ACS failed to pay and meet its financial obligations to the

carriers. ACS failed to pay the freight charges to carriers and the defendant has failed to tender payment to the plaintiff on ACS' behalf.

On June 18, 2018, the plaintiff as assignee filed suit against the defendant. In turn, on April 25, 2019, the defendant moved for partial summary judgment.

## III.

Arguing that some of the plaintiff's claims are time barred as a matter of law, the defendant moves for partial summary judgment. The defendant contends that pursuant 49 U.S.C. §14705(a), a plaintiff must begin civil action for unpaid invoices within 18 months after the claim accrues. The defendant asserts that all claims for transportation services brokered by ACS accrued at the latest, in July 2014. It adds that since this legal action ensured in 2018, which is outside of the limitations period, the claims fail.

On the other hand, the plaintiff argues that the 18-month statute of limitations does not apply. Instead, the plaintiff contends that Texas' 4-year statute of limitations which applies to breach of contract and of fiduciary duty claims, is appropriate here. The plaintiff notes that states have traditionally governed matters regarding contracts and that Congress did not intend to preempt "the historic police powers of the states." *Castro v. Collecto, Inc*. 634 F. 3d 779 (5th Cir. 2011). The plaintiff explains that the statute of limitations established in 49 U.S.C. §14705(a), is only applicable to claims brought by carriers against shippers and not claims against freight brokers. The plaintiff goes on to argue that the defendant became contractually liable to the carriers upon ACS' failure to pay.

## IV.

The Court must determine which statute of limitations applies. Here, the plaintiff asserts claims for breach of contract, *quantum meruitt*, and breach of fiduciary duty against the defendant. State laws have traditionally governed such matters. *Id*. at 784-785. Upon review of

the invoices found in the record, there is no indication that the parties agreed that state law would not apply to claims such as those brought by the plaintiff. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

Therefore, the Court determines that to the extent the plaintiff's claims accrued within the prescribed state statute of limitations period, they will remain a part of the case. The defendant's motion for partial summary judgment is **DENIED**.

It is so **ORDERED**.

SIGNED on this 6th day of February, 2020.

_____
Kenneth M. Hoyt
United States District Judge